IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KAUTANTOWIT'S MECAUTEA**; **JOY MAXINE GRAVES**; **TIMOTHY PAUL TIMM**; **MICHAEL CHARLES MINTER**; **RAYMOND SCOTT MARTIN**,

Plaintiffs,

v.

**STATE OF OREGON**; **DOUGLAS COUNTY OREGON**; **LANE COUNTY OREGON**; **EUGENE OREGON CITY POLICE**; **LINN COUNTY OREGON**; **DOUGLAS COUNTY OREGON SHERIFF'S DEPT.**; **DOUGLAS COUNTY OREGON DA**; **LINN COUNTY OREGON SHERIFFS DEPT.**; **LINN COUNTY OREGON DA**; **CITY OF SENECA OREGON**,

Defendants.

Case No. 3:19-cv-01864-MO

OPINION AND ORDER

**MOSMAN, J.**,

This case comes before me on three motions filed by various defendants in this case:

(I) Motion to Dismiss and Motion to Strike [ECF 15], filed by Defendants Douglas County, Oregon; Douglas County Sheriff's Office; Linn County, Oregon; Linn County Sheriff's Office; and the City of Seneca, Oregon.

(II) Motion to Dismiss and, alternatively, Motion for a More Definite Statement [ECF 18], filed by Defendant Eugene Oregon City Police.

(III) Motion to Dismiss [ECF 19], filed by Defendant Lane County.

1 – OPINION AND ORDER

In addition, subsequent to the filing of these motions, Plaintiffs filed a Motion to File an Amended Complaint [ECF 30].

For the reasons explained below, I dismiss Plaintiffs' original complaint [ECF 2].[1] In doing so, I take up the issues identified by Defendants in their motions and I also resolve other issues *sua sponte* in the interests of advancing this litigation. Plaintiffs will be given leave to amend their complaint in accordance with the rulings set forth in this opinion.

## LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) allows for dismissal of a complaint based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

//
//
//
//

---

[1] Plaintiffs' complaint is made up of several documents, filed as attachments to ECF docket entry No. 2. When citing to these documents, I note the ECF location in brackets (e.g., [2-2]) and will cite to the ECF page number.

**DISCUSSION**

Plaintiffs are several individuals, appearing in *pro se* capacity, and an institution known as "Kautantowit's Mecautea," which the individual Plaintiffs describe as their church. *See* Compl. [2] at 4. While the complaint often lacks clarity, Plaintiffs make several allegations and invoke several federal statutes, the United States Constitution, international law, and state law. Compl. [2-2] at 2-3, 8-15.

In the three motions to dismiss, the Defendants point out various technical and procedural deficiencies in the complaint, in addition to arguments against the complaint's substance. I will first address the technical and procedural deficiencies, before proceeding to the substance of the complaint.

**I.     Technical and Procedural Deficiencies in Plaintiffs' Complaint**

**A. Plaintiff Kautantowit's Mecautea is STRICKEN from the complaint because it is an unrepresented institution.**

In the Motion to Strike [15] filed by Defendant Douglas County, et al., Defendants move to strike Plaintiff Kautantowit's Mecautea from the complaint because it is an unrepresented institution that has not signed the complaint, in violation of Federal Rule of Civil Procedure 11(a). Mot. [15] at 3-4. Because only natural persons may represent themselves *pro se*, I GRANT the motion as to Plaintiff Kautantowit's Mecautea and STRIKE it from the complaint. *See* 28 U.S.C. § 1654; *Rowland v. California Men's Colony*, 506 U.S. 194, 201 (1993). Because the remaining individual Plaintiffs submitted their signatures authorizing the complaint, I DENY the motion to strike as to all other named Plaintiffs. *See* Attach. to Compl. [ECF 21]; *see also* Defs.' Reply [ECF 36] at 3.

### B. Plaintiff's Section 1983 claims against Defendants Douglas County Sheriff's Department, Linn County Sheriff's Department, and Eugene Oregon City Police are DISMISSED with prejudice.

Defendants Douglas County, et al., also move to dismiss Defendant Douglas County Sherriff's Department and Defendant Linn County Sheriff's Department on the grounds that they are not cognizable legal entities that can be sued in an action brought under 42 U.S.C. § 1983. Mot. [15] at 4-6. Defendant Eugene Oregon City Police also moves to dismiss on these grounds. Mot. [18] at 3 n.2.

While individual state actors, local government units, or municipalities can be sued under Section 1983, sheriff or police departments are generally not considered suable entities. *See United States v. Kama,* 394 F.3d 1236, 1239-40 (9th Cir. 2005) (Ferguson, J., concurring) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of Section 1983." (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995))). It appears that Section 1983 is currently Plaintiffs' only feasible federal cause of action. As such, individual officers at the respective departments could be named, or the counties or cities could be sued directly under a *Monell* theory, but it is improper to name a sheriff's or police department specifically. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). Therefore, I DISMISS Plaintiff's Section 1983 claims against Defendants Douglas County Sheriff's Department, Linn County Sheriff's Department, and Eugene Oregon City Police from this case with prejudice.

//
//
//
//

### C. Plaintiffs complaint is DISMISSED without prejudice against Defendant Lane County due to insufficient service of process under Federal Rule of Procedure 4(c)(2).

Defendant Lane County moves under Federal Rule of Civil Procedure 12(b)(5) to dismiss due to insufficient service of process because Ms. Graves, a party to this case, served them with the complaint. Mot. [19] at 5.[2]

Federal Rule of Civil Procedure 4(c)(2) states that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." (emphasis added). According to the Affidavit of Service of Summons issued upon Lane County [ECF 14], Ms. Graves—a party to this case—served the complaint upon Lane County herself. As a result, the complaint is dismissed without prejudice as against Lane County. Should Plaintiffs choose to serve Lane County with a new complaint, they should do so in accordance with the Federal Rules of Civil Procedure and the Local Rules for the District of Oregon.[3]

### II. Substantive Deficiencies in Plaintiffs' Complaint.

Only Defendant Eugene Oregon City Police ("Eugene Police")[4] moved to dismiss aspects of the complaint on substantive grounds under Federal Rule of Civil Procedure 12(b)(6). Mot. [18] at 4-7.[5] I address each argument in turn. In doing so, where an argument made by Defendant

---

[2]  I cite to the ECF document page numbers for this source.

[3]  The Local Rules can be accessed at: https://ord.uscourts.gov/index.php/rules-orders-and-notices/local-rules/civil-procedure

[4]  While I have already dismissed Defendant Eugene Oregon City Police from this case, as discussed above, I also take up their additional grounds for dismissal, as they would apply equally to an amended complaint that names the City of Eugene as the proper defendant.

[5]  In the alternative, Eugene moves for a more definite statement under Fed. R. Civ. P. 12(e).

Eugene Oregon City Police squarely implicates another one of the named defendants, I *sua sponte* include those other defendants in my ruling.

### A. Plaintiffs' claims under the Religious Freedom Restoration Act ("RFRA") are DISMISSED with prejudice against all named defendants.

Defendant Eugene Police moves to dismiss Plaintiffs RFRA claims against it on the grounds that RFRA cannot be enforced against states or local municipalities. *Id.* (citing *City of Boerne v. Flores*, 521 U.S. 507, 532-36 (1997)). It is correct. *Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110, 1120 (9th Cir. 2000) ("We have held, along with most other courts, that the Supreme Court invalidated RFRA only as applied to state and local law."). I therefore GRANT Eugene's motion to dismiss as to Plaintiffs' RFRA claim. Furthermore, because all of the named defendants in Plaintiffs complaint are either state or local government entities, I *sua sponte* dismiss with prejudice Plaintiffs RFRA claim as against all named defendants.

### B. Plaintiffs' claims under 42 U.S.C. § 1983 are DISMISSED without prejudice against all remaining named defendants.

Plaintiffs allege that Defendant Eugene Police, as well as several of the other named defendants, violated their rights under the United States Constitution and seek relief under Section 1983. First, they appear to allege that Defendants have infringed in various ways upon their right to free exercise under the First Amendment. Compl. [2-2] at 18-20. Second, Plaintiffs allege that several of the Defendants have illegally trespassed upon their church property and have used or threatened excessive force in violation of the Fourth Amendment. *Id.* at 11-12.

As stated above, I have already dismissed with prejudice Plaintiffs' Section 1983 claims against the sheriff's departments and police department named as defendants. I also *sua sponte* dismiss with prejudice Plaintiffs' Section 1983 claims against Defendant State of Oregon,

because the state itself is not a "person" who can be sued under Section 1983. *Will v. Michigan State Dep't of Police*, 491 U.S. 58, 65 (1989) (holding that § 1983 does not waive states' Eleventh Amendment immunity from lawsuits).

To the extent that Plaintiff intended to name the City of Eugene rather than the Police Department, Defendant Eugene Police argues that Plaintiffs' Section 1983 claim against it "fails to state a claim because they have not alleged that a City policy or custom caused a violation of their constitutional rights." Mot. [18] at 4 (citing *Mabe v. San Bernadino Cty Dep't of Pub. Soc. Servs.*, 237 F.3d. 1101, 1110-12 (9th Cir. 2001)). I agree and dismiss without prejudice Plaintiffs' Section 1983 claim against Defendant Eugene. *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-92 (1978). For the same reason, I *sua sponte* dismiss without prejudice Plaintiffs' Section 1983 claims against Defendants Douglas County, Lane County, and the City of Seneca.

### C. **Plaintiffs' claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") are DISMISSED without prejudice against all named defendants.**

Plaintiffs complain that Defendants are interfering with their claimed right to cultivate cannabis on their church property in accordance with their religious beliefs. Compl. [2-2] at 18-20. They assert that Defendants' alleged interference violates RLUIPA, among other federal laws. *Id.* at 18.

"RLUIPA's general rule applies if a 'land use regulation,' or the government's application of a land use regulation, 'substantially burdens a religious adherent's religious exercise in a way not representing the least restrictive means of accomplishing a compelling government interest.'" *Multi Denominational Ministry of Cannabis & Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1143 (N.D. Cal. 2007), *aff'd sub nom. Multi-Denominational*

*Ministry of Cannabis & Rastafari, Inc. v. Holder*, 365 F. App'x 817 (9th Cir. 2010) (quoting *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1036 (9th Cir. 2004)).

Defendant Eugene Police moves to dismiss Plaintiffs' RLUIPA claim against it on the grounds that Plaintiffs "do not state a claim that a land use regulation is burdening their religious exercise." Mot. [18] at 5-6. I agree with Defendant that Plaintiffs have not alleged that Eugene Police were enforcing the implementation of a land use regulation. The same goes for the rest of the named defendants. I therefore dismiss without prejudice Plaintiffs' RLUIPA claims against all named defendants.

### D. Plaintiffs' claims under the American Indian Religious Freedom Act ("AIRFA") are DISMISSED with prejudice against all named defendants.

Insofar as Plaintiffs seek relief under AIRFA, see Compl. [2-2] at 5, those claims are dismissed with prejudice against all named defendants. *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 455 (1988) (holding that AIRFA did not create any "cause of action or judicially enforceable individual rights").

### E. Plaintiffs' State Law Claims are DISMISSED without prejudice as against all named defendants.

Plaintiffs allege that all Defendants have violated Article I of the Oregon Constitution as well as several Oregon statutes. Compl. [2-2] at 16. Yet Plaintiffs do nothing more than list these state laws and state the conclusion that Defendants violated them. They need to be more specific. I therefore dismiss without prejudice all state law claims against all defendants.

### III. If Plaintiffs choose to amend their complaint in accordance with this opinion and order, they must provide a more definite statement of their claims.

Defendant Eugene Police, in addition to moving to dismiss, alternatively moves under Federal Rule of Civil Procedure 12(e) to require Plaintiffs to make a more definite statement of their claims. Mot. [18] at 6.

Plaintiffs' complaint is long, vague and often ambiguous. It names a dozen governmental entities as defendants, recounts a jumbled collection of factual allegations, and supplies a laundry list of state, federal, and international law. But it rarely connects the dots. It is not clear which theories, facts, or law Plaintiffs are relying upon to make a claim, or against which defendant(s) they are making a particular claim.

If Plaintiffs choose to file an amended complaint, they must—in a simple, concise, and direct statement—describe (1) which defendant(s) did what (and when, where) (2) why that particular defendant's actions (or failures to act) violated Plaintiffs' rights (specifically identifying which laws or rights are at issue), (3) which law(s) entitle Plaintiffs to relief, and (4) what relief is sought from this court.

## CONCLUSION

As described above, I GRANT in part and DENY in part Defendants' Motion to Dismiss and Motion to Strike [15], Motion to Dismiss [18], and Motion to Dismiss [19]. Because this opinion and order contains several rulings, a brief summary follows:

1. Plaintiff Kautantowit's Mecautea is STRICKEN from the complaint.

2. Plaintiffs' Section 1983 claims are DISMISSED with prejudice against Defendants Douglas County Sheriff's Department, Linn County Sheriff's Department, and Eugene Oregon City Police.

3. Plaintiffs' Section 1983 claims are DISMISSED without prejudice against all remaining named defendants.

4. Defendant Lane County is DISMISSED without prejudice from this case due to insufficient service of process.

5. Plaintiffs' RFRA claims are DISMISSED with prejudice as against all named defendants.

6. Plaintiffs' RLUIPA claims are DISMISSED without prejudice as against all named defendants.

7. Plaintiffs' AIRFA claims are DISMISSED with prejudice as against all named defendants.

8. Plaintiffs' state law claims are DISMISSED without prejudice as against all named defendants.

9. Should Plaintiffs choose to file an amended complaint, they are ORDERED to provide a more definite statement of their claims.

Finally, after Defendants filed the present motions, Plaintiffs filed a Motion for Leave to File Amended Complaint [30]. Because that motion was filed without the benefit of the rulings contained in this opinion and order, that motion is DENIED. As already described, Plaintiffs are granted leave to file an amended complaint in accordance with the rulings made in this opinion and order. The deadline for Plaintiffs to file an Amended Complaint is June 12, 2020.

IT IS SO ORDERED

DATED this __9__ day of April, 2020.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge