IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KAUTANTOWIT'S MECAUTEA; JOY
MAXINE GRAVES; TIMOTHY PAUL
TIMM; MICHAEL CHARLES MINTER;
RAYMOND SCOTT MARTIN,

           Plaintiffs,

v.

STATE OF OREGON; DOUGLAS
COUNTY OREGON; LANE COUNTY
OREGON; EUGENE OREGON CITY
POLICE; LINN COUNTY OREGON;
DOUGLAS COUNTY OREGON
SHERIFFS DEPT.; DOUGLAS COUNTY
OREGON DA; LINN COUNTY OREGON
SHERIFFS DEPT.; LINN COUNTY
OREGON DA; CITY OF SENECA
OREGON,

           Defendants.

Case No. 3:19-cv-01864-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Before me are the following four motions:

    (I)    Motion to Dismiss [58], filed by Defendants Douglas County, Oregon; Linn County, Oregon; and the City of Seneca, Oregon.

    (II)    Motion to Dismiss and, alternatively, Motion for a More Definite Statement [66], filed by Defendant Eugene Oregon City Police.

    (III)    Motion to Dismiss [69], filed by Defendants State of Oregon; Linn County District Attorney; and Davis County District Attorney.

1 – OPINION AND ORDER

(IV)   Motion to Dismiss and, alternatively, Motion for a More Definite Statement [70], filed by Defendant Lane County.

Defendants ask me to dismiss this case for various reasons, including Plaintiffs' failure to amend their complaint in accordance with my prior Order [41].

On April 9, 2020, I dismissed several of Plaintiffs' claims, some with prejudice and some without. Op. and Order [41] at 9–10. I also granted Plaintiffs leave to file an amended complaint and provided Plaintiffs with clear instructions:

> If Plaintiffs choose to file an amended complaint, they must—in a simple, concise, and direct statement—describe (1) which defendant(s) did what (and when, where) (2) why that particular defendant's actions (or failures to act) violated Plaintiffs' rights (specifically identifying which laws or rights are at issue), (3) which law(s) entitle Plaintiffs to relief, and (4) what relief is sought from this court.

*Id.* at 9. I gave Plaintiffs until June 12, 2020, to file an amended complaint. *Id.* at 10.

On June 12, Plaintiffs filed a 61-page document, entitled "Ammended [sic] Complaint Exhibits," which contains an assortment of documents but no cognizable legal theory. Am. Compl. Exs. [45]. On July 2, well past the deadline to amend, Plaintiffs filed a two-page Amended Complaint along with 335 pages of exhibits. Am. Compl. [46]. Aside from being late, the Amended Complaint is no less vague and ambiguous than the original version. It, too, lacks a cognizable legal theory and fails to comply with my order to provide a more definite statement of the claims.

I therefore GRANT Defendants' Motions to Dismiss [58, 66, 69, 70]. Since I have already provided Plaintiffs with an opportunity to amend, I DISMISS Plaintiffs' claims with prejudice. I DENY all pending motions as moot.

IT IS SO ORDERED.

DATED this 25 day of September, 2020.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER